Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 0096 | **DATE** | 1/27/12 |
| **CASE TITLE** | Elsworth Humphrey, Jr. (2010-0110150) vs. Jody Weiss, et al. | | |

**DOCKET ENTRY TEXT**

The plaintiff's motion for leave to proceed *in forma pauperis* [4] is granted. The court authorizes and orders Cook County Jail officials to deduct $8.73 from the plaintiff's account, and to continue making monthly deductions in accordance with this order. The clerk shall send a copy of this order to the Supervisor of Inmate Trust Fund Accounts, Cook County Dept. of Corrections Administrative Office, Division V, 2700 S. California, Chicago, Illinois 60608. The complaint is dismissed on initial review pursuant to 28 U.S.C. § 1915A for failure to state a claim. (Dkt. No. 1). Plaintiff's motion for appointment (Dkt. No. 5), and any other pending motions are denied as moot. The Clerk is instructed to enter a judgment in favor of Defendants against the Plaintiff. This is one of the plaintiff's three allotted dismissals under 28 U.S.C. § 1915(g). Civil Case Terminated.

■[ For further details see text below.]                                                                      Docketing to mail notices.

## STATEMENT

     Pro se plaintiff Elsworth Humphrey, Jr., a detainee at the Cook County Jail, has brought a civil rights suit pursuant to 42 U.S.C. § 1983. Pending before the Court are plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), complaint for an initial review pursuant to 28 U.S.C. § 1915A, (Dkt. No. 1), and motion for appointment of counsel (Dkt. No. 5).

     The plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 4), is granted. Pursuant to 28 U.S.C. § 1915(b)(1), the plaintiff is assessed an initial partial filing fee of $8.73. The supervisor of inmate trust accounts at the Cook County Jail is authorized and ordered to collect, when funds exist, the partial filing fee from the plaintiff's trust fund account and pay it directly to the Clerk of Court. After payment of the initial partial filing fee, the trust fund officer at the plaintiff's place of confinement is directed to collect monthly payments from the plaintiff's trust fund account in an amount equal to 20% of the preceding month's income credited to the account. Monthly payments collected from the plaintiff's trust fund account shall be forwarded to the Clerk of Court each time the amount in the account exceeds $10 until the full $350 filing fee is paid. All payments shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, Illinois 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify the plaintiff's name and the case number assigned to this action. The Cook County inmate trust account office shall notify transferee authorities of any outstanding balance in the event the plaintiff is transferred from the jail to another correctional facility.

     Under 28 U.S.C. § 1915A, the Court is required to conduct a prompt threshold review of the complaint and dismiss a suit brought *in forma pauperis* at any time if the Court determines that it is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a

# STATEMENT

defendant who is immune from such relief. The following facts are drawn from Plaintiff's proposed complaint (Dkt. No. 1), and are accepted as true for purposes of this initial review, and all reasonable inferences are made in the light most favorable to plaintiff. *Parish v. City of Elkhart*, 614 F.3d 677, 679 (7th Cir. 2010) (citing *Johnson v. Rivera*, 272 F.3d 519, 520 (7th Cir. 2001)). This Court also "construe[s] pro se complaints liberally and hold[s] them to a less stringent standard than formal pleadings drafted by lawyers." *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009) (citing *Erickson v. Pardus*, 551 U.S 89, 94 (2007) (per curiam); *Obriecht v. Raemisch*, 417 F.3d 489, 492 n.2 (7th Cir. 2008)).

"To satisfy the notice-pleading standard, a complaint must provide a 'short and plain statement of the claim showing that the pleader is entitled to relief,' which is sufficient to provide defendant with 'fair notice' of the claim and its basis." *Bridges*, 557 F.3d at 545 (quoting *Erickson*, 551 U.S at 89). "'[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Reger Dev., LLC v. Nat'l City Bank*, 592 F.3d 759, 763 (7th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, ___, 129 S. Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The complaint must actually *suggest* that the plaintiff has a right to relief, by providing allegations that raise a right to relief above the speculative level." *Bridges*, 557 F.3d at 546 (internal quotation marks and citations omitted) (emphasis in original).

Plaintiff alleges that he is a victim of a conspiracy between his former wife, Daphn Townsend, and various members of the Chicago Police Department. Leading up to January 2010, Townsend, a Chicago Streets and Sanitation employee, made various false allegations against plaintiff with the Chicago Police Department and Cook County State's Attorney's Office. Plaintiff was able to defuse these allegations but Townsend continued with her tactics. Plaintiff believes that the Chicago Police Department's continued belief of Townsend's claims shows that they were engaged in a conspiracy with her to violate his rights.

On January 8, 2010, Townsend arranged to meet plaintiff at his home in the 11400 Block of South Yale Street in Chicago. When Townsend arrived, she sat in her car and plaintiff and their children joined her in the car. Townsend was drunk and emotionally distraught. She grabbed a gun from the car's glove compartment and then she and plaintiff began struggling for the gun. A shot was fired through the car's windshield but no one was injured. Townsend then exited the car and falsely accused plaintiff of trying to harm her to two nearby Chicago Police Officers. Plaintiff then exited the car, turned over the gun to the officers and explained his side of the story. Plaintiff was arrested by these officers despite protesting that he had been set up by Townsend. He believes that this is part of the ongoing conspiracy between the CPD and Townsend. Plaintiff's present suit raises false arrest, false imprisonment, malicious prosecution and conspiracy claims against the two arresting police officers, an investigating detective, their commander, Superintendent Weis, and Townsend. He sues all defendants in their individual and official capacity.

Plaintiff's claims are barred by the existence of probable cause. *Mustafa v. City of Chicago*, 442 F.3d 544, 547 (7th Cir. 2006) (explaining that the existence of probable cause is "an absolute defense to any claim under Section 1983 against police officers for wrongful arrest, false imprisonment, or malicious prosecution."). Police have probable cause when they obtain reasonably trustworthy information that would make a person believe that a crime had been committed. *Marcavage v. City of Chicago*, 659 F.3d 626, 632 (7th Cir. 2011).

Illinois criminalizes the intentional or knowing discharge of a firearm in the direction of another person as a Class 1 felony. 720 ILCS 5/24-1.2(1)(a). A gun shot was fired and plaintiff was the one holding the gun when the officers investigated in light of Townsend's allegations. Although a witness may be lying, a police officer has no duty to investigate once probable cause has been established unless the officer is

| STATEMENT |
|---|

willfully blinding himself to the situation. *Sow v. Fortville Police Dep't*, 636 F.3d 293, 302 (7th Cir. 2011). Plaintiff's view is that his wife has been out to get him and the Chicago Police Department has been facilitating her efforts. However, there is no indication that these arresting officers had any knowledge of the alleged prior difficulties between plaintiff and his wife. The officers in this situation had no reason to believe that Townsend was not telling the truth because plaintiff was holding the gun following the gunshot. *Id*. The existence of probable cause from the facts alleged in the complaint requires the dismissal of the complaint.

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted. Plaintiff is warned that if a prisoner accumulates a total of three federal cases or appeals dismissed as frivolous, malicious, or failing to state a claim, (i.e, "strikes"), that prisoner may not file suit in federal court without prepaying the filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. § 1915(g). A prisoner with three strikes under § 1915(g) is also required to alert a federal court of this fact when filing a new suit in that Court. *See Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008) (citing *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999)). Failure to inform any new Court of three prior strikes would result in an automatic dismissal of the new case while still requiring payment of the filing fee, and barring any future litigation (other than criminal cases and petitions challenging the terms of confinement) until the filing fee is paid in full. *Sloan*, 181 F.3d at 859.

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within 30 days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C). If the plaintiff does choose to appeal, he will be liable for the $455 appellate filing fee irrespective of the outcome of the appeal. *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998). Furthermore, if the appeal is found to be non-meritorious, the plaintiff may also accumulate another "strike."