# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Ronald A. Guzman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | (App. No. 12-01496) 12 C 0096 | **DATE** | 3/28/2012 |
| **CASE TITLE** | Elsworth Humphrey, Jr. (2010-0110150) v. Jody Weis, et al. | | |

**DOCKET ENTRY TEXT:**

Plaintiff's motion for leave to appeal *in forma pauperis* [24] is denied. The Court certifies that the appeal is not taken in good faith and orders Plaintiff to pay the appellate fees of $455 within 14 days or the Court of Appeals may dismiss his appeal for want of prosecution. The Clerk is directed to send a copy of this order to the trust fund officer at the Cook County Jail and the PLRA Attorney, U.S. Court of Appeals.

■ [For further details see text below.]   Docketing to mail notices.

## STATEMENT

Plaintiff has filed a Notice of Appeal from the judgment entered on January 30, 2012 [7] and seeks leave to proceed *in forma pauperis* [24]. For the reasons stated in the January 27, 2012 dismissal order, [6] the Court finds that this action does not raise a substantial issue meriting appellate review. As Plaintiff has raised none in his motion for leave to appeal *in forma pauperis*, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that the appeal is not in good faith and that no appeal should be taken.

The Seventh Circuit Court of Appeals has determined that if the district court certifies that an appeal is not taken in good faith, the appellant cannot prosecute the appeal *in forma pauperis* but rather must pay the appellate fees in full for the appeal to go forward. Consequently, Plaintiff must pay the full $455 within 14 days or the Court of Appeals may dismiss his appeal for want of prosecution. *See Newlin v. Helman*, 123 F.3d 429, 434 (7th Cir. 1997), *overruled on other grounds by Lee v. Clinton*, 209 F.3d 1025 (7th Cir. 2000), and *Walker v. O'Brien*, 216 F.3d 626 (7th Cir. 2000). If Plaintiff wishes to contest this Court's finding that the appeal is not taken in good faith, he must file a motion with the Court of Appeals seeking review of this Court's certification within 30 days after service of this order. *See* Fed. R. App. P. 24(a).

In sum, Plaintiff's motion for leave to appeal *in forma pauperis* is denied. Plaintiff is ordered to remit to the Clerk of the Court the $455 appellate fee within 14 days of the date of this order. If Plaintiff fails to comply with this order, the Court of Appeals may dismiss his appeal for want of prosecution. Plaintiff is responsible for ensuring payment of the filing fees as directed by this order, and should ensure that the institution having custody

| | Courtroom Deputy Initials: | cr |
|---|---|---|

| **STATEMENT** |
|---|

of him transmits the necessary funds. Nonpayment for any reason other than destitution shall be construed as a voluntary relinquishment of the right to file future suits *in forma pauperis*. *Thurman v. Gramley*, 97 F.3d 185, 188 (7th Cir. 1996). The obligation to ensure full payment of the filing fees imposed by this order shall not be relieved by release or transfer to another prison. Plaintiff is under a continuing obligation to inform the Clerk of this Court in writing of any change of address within seven days.

      Payment shall be sent to the Clerk, United States District Court, 219 S. Dearborn St., Chicago, IL 60604, attn: Cashier's Desk, 20th Floor, and shall clearly identify Plaintiff's name and the case number assigned to this action and the docket number assigned to the appeal, which is No. 12-01496.